UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie James Asbury, #200788,<br>*aka Sa'id Abdullah al'Rashid*<br>                        Plaintiff,<br><br>vs.<br><br>David Tartarsky, Don Driskell; Joette Scarborough; John Kinard; James Barber III; Joseph McCrorey; David Norton; Dennis Bush; Sharonda Sutton; Gregory Washington; J Tomarchio; Nurse Smith; Nurse Monroe; Lt Copeland; Sgt Cunningham,<br>                        Defendants. | C/A No. 8:13-3364-RMG-JDA<br><br>Report and Recommendation |

Plaintiff Willie James Asbury ("Plaintiff") complains of constitutional violations pursuant to 42 U.S.C. § 1983,[1] and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants several judges who have not found in his favor in various legal proceedings. Plaintiff seeks monetary damages. Defendants John Kinard, James Barber, III, Joseph McCrorey, and David Norton should be dismissed as parties to this case as they enjoy judicial immunity.

### *Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This case is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

## Discussion

Plaintiff is an inmate at the Broad River Correctional institution, a facility of the South Carolina Department of Corrections (SCDC). In his one hundred thirteen (113) page handwritten complaint, Plaintiff makes allegations too numerous to list in this limited Report and Recommendation, most of which do not pertain to the immune defendants. With respect to Defendants James Barber, III, Joseph McCrorey, and David Norton, Plaintiff complains these state and federal-court judges were involved in a conspiracy to find in favor of SCDC. ECF No. 1 at 19. Plaintiff alleges Defendants Barbour and Kinard

2

conspired with SCDC general counsel David Tatarsky to make decisions favorable to SCDC in a state medical malpractice lawsuit. ECF No. 1 at 29.

Judges Barbour and Kinard are both South Carolina Circuit Court Judges. Judge McCrorey is a United States Magistrate Judge on recall status in this Court, and Judge Norton is a United States District Judge in this Court. Plaintiff has made no allegations that pertain to activities by these defendants outside of their judicial capacity.

Judges enjoy absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). As Defendants John Kinard, James Barber, III, Joseph McCrorey, and David Norton were acting in their judicial capacity when they issued orders in Plaintiff's other cases, they are immune from suit in the above-captioned civil rights action and are entitled to summary dismissal from this case.

## Recommendation

It is recommended that the District Court dismiss John Kinard, James Barber, III, Joseph McCrorey, and David Norton as parties to this action *without prejudice* and without issuance and service of process upon said Defendants. *See Neitzke v. Williams*, 490 U.S.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                      s/ Jacquelyn D. Austin
                                                      United States Magistrate Judge

March 4, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).