IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie James Asbury,<br>a/k/a Sa'id Abdullah al'Rashid;<br><br>   Plaintiff,<br><br>vs.<br><br>David Tartasky, et al.,<br><br>   Defendants.<br>_____ | C/A No. 8:13-3364-RMG-JDA<br><br>REPORT AND RECOMMENDATION |

Willie James Asbury ("Plaintiff"), proceeding *pro se*, filed this civil action on November 20, 2013, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. 1.] Plaintiff also filed a motion for leave to proceed in forma pauperis and a motion for injunctive and prospective relief with his Complaint. [Docs. 2, 3.] The Court entered an Order on January 23, 2014, finding that the case was not in proper form and ordering Plaintiff to bring the action into proper form by February 18, 2014. [Doc. 11.] The Court denied the motion for injunctive and prospective relief as moot because the case was not in proper form, and granted Plaintiff's motion to proceed in forma pauperis. [Docs. 11,12.] On March 4, 2014, the Court recommended that the District Court dismiss Defendants John Kinard, James Barber, III, Joseph McCrorey and David Norton, and issue service on all other Defendants. [Docs. 24, 25.] On March 4, 2014, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. [Doc. 29.][1]

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

Plaintiff's motion alleges that Defendants have denied him medical treatment, specifically his orthopedic shoes and an assistive device (a walker). [Doc. 29 at 1–2.] He requests that the Court grant him a restraining order and injunction, forcing Defendants to provide these items. [*Id.*] Plaintiff alleges that an orthopedist recommended and approved Plaintiff for orthopedic shoes in March 2011. [*Id.*] He further states that in March 2012, certain Defendants conspired to deprive him of his orthopedic shoes. [*Id.*] Plaintiff was provided with a walker in July 2011, which he claims was confiscated in December 2011. [Id.] He alleges that he suffers physical and mental pain and is at risk for another heart attack because he is being denied his shoes and walker. [*Id.*] Plaintiff claims he is "emotionally and psychologically debilitated, withdrawn and depressed." [*Id.*] He argues that without his orthopedic shoes and walker, he is at great risk of injuring himself because he may fall and receive a head injury or broken bones. [*Id*. at 5.]

Plaintiff's Motion should be denied. Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits,

2

[2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. His alleged facts indicate that the nurses and doctors have had appointments with him; thus, it appears that he has been provided some medical care, such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Plaintiff also fails to show that he will succeed on the merits because he gives no specific facts that make a showing of deliberate indifference to his medical needs. Further, Plaintiff has not explained how and why he is entitled to preliminary, emergency relief when he waited more than three years to bring these allegations before the Court. Moreover, he did not allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff merely speculates that he may fall and injure himself, rather than provide the Court with specific information as to how he is currently being injured.

Recommendation

Accordingly, it is recommended that the district court deny Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 29].  **Plaintiff's attention is directed to the important notice on the next page.**

March 10, 2014                                              s/ Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).