IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie James Asbury,<br>a/k/a Sa'id Abdullah al/Rashid,<br><br>    Plaintiff,<br><br>v.<br><br>David Tartarsky; Don Driskell; Joette<br>Scarborough; Dennis Bush; Sharonda<br>Sutton; Gregory Washington; J.<br>Tomarchio; Nurse Smith; Nurse<br>Monroe; Lt. Copeland; Sgt. Cunningham,<br><br>    Defendants. | Civil Action No. 8:13-cv-3364-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 143) recommending that this Court grant Defendants' Motion for Summary Judgment (Dkt. No. 112) and dismiss the motions for leave to file depositions by written questions, motion for issuance of three subpoenas, and three motions to compel discovery as moot.[1] The Court hereby adopts the R&R and denies as moot Dkt. Nos. 129, 135, 136, 137, and 145. Plaintiff alleges that during his incarceration at the Broad River Correctional Institute, he was subjected to retaliation by Defendants following previous lawsuits; that he has been deprived of accommodations for his heart condition in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; and that Defendants Smith, Munro, and Tomarchio displayed deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment right to be free of cruel and unusual punishment. (Dkt. No. 1). The R&R provides a comprehensive explanation of the details of these claims. (Dkt. No. 143 at 2-8).

---

[1] Since the entry of the R&R, Plaintiff filed an additional Motion to Compel Discovery on December 12, 2014 (Dkt. No. 145). This motion's content is no different than the earlier Motion to Compel Discovery filed November 24, 2014 (Dkt. No. 137) and it is also denied as moot.

Upon the issuance of the R&R, Plaintiff was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive his right to appeal the judgment of the District Court. (Dkt. No. 143-1). Plaintiff filed objections on January 14, 2015 (Dkt. No. 151) and Defendants filed a reply to the objections on February 2, 2015 (Dkt. No. 153).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Therefore, the Court finds on clear error review of the issues not objected to by Plaintiff that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the Complaint should be dismissed.

Upon review of the issues presented in the objections, the Court sees no merit in Plaintiff's arguments. Plaintiff objects first to the fact that the judges originally named as defendants in his complaint were dismissed from the case. (Dkt. No. 151 at 1). However, these

defendants were dismissed in a final order issued by this Court on March 21, 2014 (Dkt. No. 38), a decision that is not subject to objections to the R&R now under review (Dkt. No. 143). Next, Plaintiff objects that his claim regarding the alleged conspiracy to deprive him of treatment and care as retaliation following other legal action should not have been dismissed by the Magistrate Judge on the grounds of res judicata. (Dkt. No. 151 at 2-3). However, in the R&R, the conspiracy claim was not decided on the basis of res judicata. The R&R found, and the Court agrees, that there were not sufficient factual allegations made to support a conspiracy theory.[2]

Plaintiff next objects that "when prison officials fail to timely respond to a grievance" the prisoner has sufficiently exhausted "available" administrative remedies (Dkt. No. 143 at 4) and that the R&R therefore errs in dismissing certain claims due to his failure to exhaust the prison's grievance process. (Dkt. No. 143 at 16-23). Plaintiff is correct that a grievance process is not considered legally "available" to an inmate if the prison fails to respond to a complaint in a timely manner. However, in this case, Defendants have presented evidence that of the claims alleged by Plaintiff, eight were never grieved at all and three were grieved incorrectly and not corrected. (Dkt. No. 143 at 20-21; Dkt. No. 112-2). The Fourth Circuit has ruled that "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

---

[2] The Magistrate Judge did address Plaintiff's claims regarding his prison job, work credits, and state pay on the basis of res judicata "[o]ut of an abundance of caution" because it was not completely clear whether Plaintiff raised these issues separately or only as part of his conspiracy claim. (Dkt. No. 143 at 13). It appears both from his Response to the Motion for Summary Judgment and his objections that Plaintiff is not relitigating these claims.

3

The Court has carefully reviewed the parties' briefing, the record in this case and the R&R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 143) as the order of this Court. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 112) is **GRANTED** and Plaintiff's motions (Dkt. Nos. 129, 135, 136, 137 and 145) are denied. Therefore, this petition is dismissed with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 12, 2015
Charleston, South Carolina